UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON



UNITED STATES OF AMERICA

V.  INFORMATION NO. 6:24-cr-07-REW
 18 U.S.C. § 1343

LISA G. GADBERRY

\* \* \* \* \*

THE UNITED STATES ATTORNEY CHARGES:

1. At all relevant times, Defendant **LISA G. GADBERRY** was employed as the Secretary/Office Manager for the Somerset Pulaski County Development Foundation ("SPCDF"), based in Pulaski County, in the Eastern District of Kentucky.

2. From on or about November 5, 2012, through on or about May 15, 2019, in Pulaski County, in the Eastern District of Kentucky, and elsewhere,

**LISA G. GADBERRY**

knowingly devised, and intended to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

Purpose of the Scheme to Defraud

3. The purpose of the scheme to defraud was for **GADBERRY** to enrich herself by charging personal expenses to the SPCDF credit card.

## Manner and Means of the Scheme to Defraud

4.    **GADBERRY** used a SPCDB credit card for numerous personal expenses, including her personal vacation expenses, retail purchases, gasoline, electricity, cell phone, restaurants, and entertainment expenses. Between November 5, 2012, and May 6, 2019, **GADBERRY** charged more than $140,000 in personal charges to the SPCDB Elan Visa credit card, operated by US Bank.

5.    **GADBERRY** used her position to access a SPCDB bank account at Monticello Banking Company in the name of Valley Oak Tennant Association ("Valley Oak account"), purportedly for SPCDB business. **GADBERRY** directed certain SPCDB checks and payments to be deposited into the Valley Oak account.

6.    **GADBERRY** paid the SPCDB credit card out of the Valley Oak account, knowing the Pulaski Fiscal Court, the SPCDB Board, and the CPA for SPCDB did not have access to the account and did not control or monitor the account. **GADBERRY** routinely paid the SPCDB credit card balance by wire from the Valley Oak bank account, such financial transactions constituting wire communications in interstate commerce.

## Execution of the Scheme to Defraud

7.    Between on or about November 5, 2012, and continuing through on or about May 15, 2019, in Pulaski County, in the Eastern District of Kentucky, and elsewhere, **GADBERRY** having devised the above-described scheme and artifice to defraud and for obtaining money by means of false or fraudulent pretenses, representations, and promises, and acting with the intent to defraud, caused to be transmitted by means of wire communication in interstate commerce payments to the

SPCDB credit card servicer. On or about May 15, 2019, in furtherance of the scheme, **GADBERRY** sent a payment from the Valley Oak Account in the amount of $32,341.64, via interstate wire communication to US Bank, the financial institution operating the Elan Visa credit card account for SPCDB.

All in violation of 18 U.S.C. § 1343.

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(l)(C)
## 28 U.S.C. § 2461

1. By virtue of the commission of the offense alleged in the Information, **LISA C. GADBERRY** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation of 18 U.S.C. § 1343. Any and all interest that **LISA C. GADBERRY** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**
A forfeiture money judgment in the amount of $142,874.69, representing the amount of proceeds that the Defendant obtained as a result of the violation of 18 U.S.C. § 1343.

3. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been

commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**CARLTON S. SHIER IV**
**UNITED STATES ATTORNEY**

## PENALTIES

Imprisonment for not more than 20 years, fine of not more than $250,000 or twice amount of gross gain or loss, and supervised release for not more than 3 years.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.